UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY A. OVERTON PAYNE, as | ) | |
| Legal Guardian for XAVIER L. PAYNE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| SOUTHWEST AIRLINES CO. | ) | |
| | ) | Removed Cook County, IL |
| Defendant. | ) | Case No. 2024L010198 |

**NOTICE OF REMOVAL**

The Defendant, Southwest Airlines Co., by and through its attorneys, Donald G. Machalinski, Linda J. Schneider, and Timothy M. Ravich, of Tressler LLP, and pursuant to 28 U.S.C. § 1441 *et. seq*., 28 U.S.C. §1332, and 28 U.S.C. §1446, removes Case No. 2024L010198, entitled *Mary Ann Overton Payne, as Legal Guardian of Xavier Payne v. Southwest Airlines Co.*, now pending in the Circuit Court of Cook County, Illinois, and in support thereof states as follows:

1. The Defendant, Southwest Airlines Co. ("Southwest") removes the lawsuit of the Plaintiff, May A. Overton Payne, as Legal Guardian of Xavier Payne ("Payne") from the Circuit Court of Cook County, Illinois, Case No. 2024L010198, entitled *Mary Ann Overton Payne, as Legal Guardian of Xavier Payne v. Southwest Airlines Co.,* on the basis that federal jurisdiction is proper in this case on the grounds of diversity, pursuant to 28 U.S.C. §1332(a)(1).

2. This lawsuit arises out of an alleged incident occurring on September 15, 2022, at Midway International Airport in Chicago, Illinois.

3. On September 16, 2024, Payne filed a *pro se* Complaint in the Circuit Court of Cook County, Illinois against Southwest and an individual Defendant, Keith Dunn ("Dunn"). The initial complaint asserted that a flight attendant (not Dunn) asked another passenger to place luggage in an

overhead compartment and that the luggage fell on her son. She claimed damages in the amount of a "$2,000,000 settlement." (*See* attached Payne Complaint, Exhibit 1).

4. Upon information and belief, Payne was, at all relevant times hereto, residing and domiciled in the State of Illinois and a citizen of the State of Illinois. (*See* attached Payne Complaint, Exhibit 1 (identifying a residential address in Olympia Fields, Illinois). Southwest is a Texas corporation with its principal place of business in Dallas, Texas. On or about October 14, 2024, Southwest was served with the Summons and Complaint. Dunn, a citizen of Texas, also was served with the Summons and Complaint on October 14, 2024.

5. On November 8, 2024, in state court, Southwest and Dunn filed a motion to dismiss the initial complaint for failure to state a negligence claim. (citing *Mulloy v. American Eagle Airlines, Inc.*, 358 Ill. App. 3d 706, 714 (Ill. Ct. App. 2005) (mere fact that an airline passenger was struck on the head is not, in itself, sufficient to prove negligence)).

6. With the stipulation of undersigned counsel, Payne twice obtained extensions of time to respond to the motion to dismiss so that she could have additional time to secure legal representation. On January 29, 2025, the law firm of LaRose & Bosco, Ltd. appeared for Payne and voluntarily dismissed Dunn (without prejudice). Circuit Court Judge Maureen O. Hannon also entered an order granting Payne leave to amend her complaint, and to file the same on or before February 26, 2025. *See* Exhibit 2.

7. On February 24, 2025, Payne, through her newly retained counsel, filed a First Amended Complaint at Law. *See* Exhibit 3. That pleading now names only Payne, of Illinois, and Defendant Southwest, of Texas. Additionally, the First Amended Complaint at Law, for the first time, provided Southwest with a good faith basis to assert that the amount in controversy sufficient to confer jurisdiction under 28 U.S.C. § 1332(a).

8. Federal district courts have original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a).

9. A defendant may remove an action from state court to federal court, based on diversity jurisdiction, pursuant to the provisions of 28 U.S.C. § 1446.

10. Under § 1446, a defendant may file a notice of removal within thirty days of receiving a copy of an amended complaint from which it may first be ascertained that the case is one which has become removable, in this case Payne's First Amended Complaint at Law.

11. Here, when proceeding *pro se*, Payne named and served Dunn. Consent by Dunn to removal was never obtained. Because Dunn is no longer a party defendant, Southwest no longer needs the consent of any other served defendant to remove the case. *See* 28 U.S.C. § 1446(b)(2)(A).

12. Additionally, Payne's *pro se* legally deficient original complaint, demanding a "$2,000,000 settlement" provided no basis for Southwest to satisfy its burden of providing a "good faith estimate" plausibly showing, by a preponderance of evidence, facts that she could recover any amount of money, let alone an amount in controversy sufficient to satisfy this Court's diversity jurisdiction. *See*, *e.g.*, *Stewart v. Portfolio Recovery Associates, LLC*, No. 18-CV-869-JDP (W.D. Wisc. 2018) (*pro se* complaint for $200 million lacked allegations or legal basis for a conclusion she could recover that amount). *See also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006).

13. In contrast, the First Amended Complaint at Law filed by Payne's counsel establishes that the amount in controversy is satisfied. Pursuant to 28 U.S.C. §1332, Southwest, for the first time, has a good faith legal basis that the amount in controversy exceeds $75,000, based on the ad damnum in the First Amended Complaint at Law seeking in excess of $50,000

3

related to allegations of "sustained severe and permanent injuries of a personal and pecuniary nature." (*See* Exhibit 3).

14. Thirty days have not elapsed since Southwest first ascertained, upon receipt of Payne's First Amended Complaint, that the case is one which is removable, and therefore the requirements of 28 U.S.C. § 1446(b) have been met.

15. Venue and removal to this District are proper pursuant to 28 U.S.C. § 1441(a) because the Circuit Court of Cook County, Illinois is located within this District and Division.

13. As required by 28 U.S.C. § 1446(b), counsel for Southwest is providing written notice of the filing of this Notice of Removal to counsel for Payne and is filing a copy of this Notice of Removal with the Clerk of the Circuit Court Cook County, Illinois.

**WHEREFORE**, the Defendant, Southwest Airlines Co. removes Case No. 2024L010198 entitled *Mary Ann Overton Payne, as Legal Guardian of Xavier Payne v. Southwest Airlines Co.* pending in the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois and/or for any other order this Court deems just.

> **TRESSLER LLP**
>
> *s/ Donald G. Machalinski*

**Attorneys for the Defendant,**
**Southwest Airlines Co.**
Donald G. Machalinski, Esq.
Linda J. Schneider, Esq.
Timothy M. Ravich, Esq.
Tressler LLP
233 South Wacker Drive, 61st Floor
Chicago, Illinois 60606-6399
Telephone: 312.627.4000
dmachalinski@tresslerllp.com
lschneider@tresslerllp.com
travich@tresslerllp.com