FILED
2/24/2025 2:49 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2024L010198
Calendar, X
31542425

FILED DATE: 2/24/2025 2:49 PM   2024L010198

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| MARY ANN OVERTON PAYNE, as legal guardian of XAVIER PAYNE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2024 L 010198 |
| SOUTHWEST AIRLINES CO. | ) ) ) |
| Defendant. | ) |

**FIRST AMENDED COMPLAINT AT LAW**

Plaintiff, MARY ANN OVERTON PAYNE as legal guardian of XAVIER PAYNE, by through her counsel, LAROSE & BOSCO, LTD., and for her First Amended Complaint against Defendant, SOUTHWEST AIRLINES CO., alleges as follows:

**COUNT I – SOUTHWEST AIRLINES CO.**
**NEGLIGENCE (Common Carrier)**

1. On and before September 15, 2022 and at all times relevant hereto, Defendant, SOUTHWEST AIRLINES CO., was a foreign corporation, domiciled in Texas, duly authorized to operate in the State of Illinois.

2. On and before September 15, 2022 and at all times relevant hereto, Defendant, SOUTHWEST AIRLINES CO., conducted business in the County of Cook, State of Illinois and derived revenue from said Cook County, Illinois operations.

3. On and before September 15, 2022 and at all times relevant hereto, Defendant, SOUTHWEST AIRLINES CO. maintained offices in the County of Cook, State of Illinois.

4. On September 15, 2022 and at all times relevant hereto, Defendant, SOUTHWEST AIRLINES, CO., was a common carrier operating flight 2422 from Midway

1

**EXHIBIT 3**

International Airport in the City of Chicago, County of Cook, State of Illinois, to Dallas Love Field Airport in Dallas, Texas.

5. On September 15, 2022 and at all times relevant hereto, the gate agents, pilots, and flight attendants aboard flight 2422, were duly authorized agents and/or employees of Defendant, SOUTHWEST AIRLINES CO., acting within the scope of their agency and/or employment at the time and place of the incident involved herein.

6. On September 15, 2022 and at all times relevant hereto, Defendant, SOUTHWEST AIRLINES CO., through its agents or employees, coordinated the boarding of its airplanes at Midway International Airport in Chicago, Illinois.

7. On September 15, 2022 and at all times relevant hereto, XAVIER PAYNE was an adult mentally and physically disabled person with cerebral palsy.

8. On September 15, 2022 and at all times relevant hereto, MARY ANN OVERTON PAYNE was the court appointed legal guardian of her adult son, XAVIER PAYNE.

8. On September 15, 2022 and at all times relevant hereto, MARY ANN OVERTON PAYNE and her son, XAVIER PAYNE resided in the County of Cook, State of Illinois.

9. On September 15, 2022 and at all times relevant hereto, Plaintiffs, MARY ANN OVERTON PAYNE and her son XAVIER PAYNE, were fare-paying passengers of Defendant SOUTHWEST AIRLINES CO. flight 2422 from Midway International Airport in Chicago, Illinois, to Dallas Love Field in Dallas, Texas.

10. On September 15, 2022 and at all times relevant hereto, XAVIER PAYNE boarded flight 2422 with the assistance of a SOUTHWEST AIRLINES CO. agent or employee via wheel chair during the preboarding for disabled persons at Midway International Airport. The SOUTHWEST AIRLINES CO. agent and employee sat XAVIER PAYNE in an aisle seat with

2

his right shoulder exposed to the aircraft aisle. MARY ANN OVERTON PAYNE was seated next to her son in the middle seat of the row.

11. On September 15, 2022 and at all times relevant hereto, a SOUTHWEST AIRLINES CO. flight attendant directed another passenger to place her luggage in the overhead compartment directly above XAVIER PAYNE's seat.

12. On September 15, 2022 and at all times relevant hereto, a SOUTHWEST AIRLINES CO. flight attendant assisted this passenger with placing the luggage in the overhead bin directly above XAVIER PAYNE's seat.

13. On September 15, 2022 and at all times relevant hereto, Defendant, SOUTHWEST AIRLINES CO., by and through its agents and/or employees, caused another passenger's luggage to fall from an elevated position while trying to place it into the overhead bin onto XAVIER PAYNE's head and right shoulder causing significant injury.

14. On September 15, 2022 and at all times relevant hereto, Defendant, SOUTHWEST AIRLINES CO., by and through its agents and/or employees knew or should have known of the potential hazard or harm that could be caused by luggage falling from the overheard bin onto passengers seated below.

15. On September 15, 2022 and at all times relevant hereto, Defendant, SOUTHWEST AIRLINES CO., by and through its agents and/or employees, was aware of the potential hazard or harm that could be caused by luggage falling from the overheard bin onto passengers seated below.

16. On September 15, 2022 and at all times relevant hereto, Defendant, SOUTHWEST AIRLINES CO., by and through its agents and/or employees, Defendant

3

had the responsibility to ensure that luggage was placed in the overhead compartments of the aircraft in a safe manner.

17. On September 15, 2022 and at all times relevant hereto, Defendant, SOUTHWEST AIRLINES CO., by and through its agents and/or employees, Defendant had the responsibility to direct passengers to place luggage in the overhead compartments of the aircraft in a safe manner.

18. On September 15, 2022 and at all times relevant hereto, it was the duty of Defendant, SOUTHWEST AIRLINES CO., by and through its agents and/or employees, to maintain the aforesaid aircraft in a reasonably safe condition so as to avoid injuries to persons lawfully on the aircraft, including XAVIER PAYNE.

19. On September 15, 2022 and at all times relevant hereto, SOUTHWEST AIRLINES CO. was a common carrier and owed the highest duty of care to its passengers aboard flight 2422, including XAVIER PAYNE.

20. On September 15, 2022 and at all times relevant hereto, SOUTHWEST AIRLINES CO., by and through its agents and/or employees, knew or should have known that XAVIER PAYNE was both mentally and physically disabled and that Defendant SOUTHWEST AIRLINES CO. owed a special duty of care as a common carrier to XAVIER PAYNE.

21. On September 15, 2022 and at all times relevant hereto, Defendant, SOUTHWEST AIRLINES CO., by and through its agents and/or employees, committed one or more of the following negligent acts or omissions:

    a. Failed to properly direct other passengers in the appropriate and safe placement of their luggage in the aircraft overhead bins.

    b. Failed to take appropriate measures to ensure that the passenger's luggage was appropriately and safely placed in the overhead bin directly above XAVIER PAYNE;

4

FILED DATE: 2/24/2025 2:49 PM 2024L010198

      c.      Failed to properly assist a passenger appropriately and safely place their luggage in the overhead bin directly above XAVIER PAYNE;

      d.      Dropped a passenger's luggage on XAVIER PAYNE;

      e.      Failed to warn XAVIER PAYNE or his mother and legal guardian, MARY ANN OVERTON PAYNE, of the danger or potential hazard presented by lifting another passenger's luggage above the head and body of XAVIER PAYNE;

22.    As a direct and proximate result of one or more of the aforesaid acts or omissions of Defendant, SOUTHWEST AIRLINES CO., by and through its agents and/or employees, XAVIER PAYNE, sustained severe and permanent injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, MARY ANN OVERTON PAYNE, as legal guardian for XAVIER PAYNE, prays for a judgment against Defendant, SOUTHWEST AIRLINES CO., for an amount in excess of FIFTY-THOUSAND DOLLARS ($50,000.00), plus costs and interests, and for any other relief this Honorable Court deems appropriate and just.

          Respectfully Submitted

          By: */s/ Joseph A. Bosco*
          One of the Attorneys for Plaintiff

Joseph Bosco (jbosco@laroseboscolaw.com)
Costa Diamond (cdiamond@laroseboscolaw.com)
LaRose & Bosco, Ltd (Firm No. 37346)
1011 Lake Street, Suite 100
Oak Park, Illinois 60301
(312) 642-4414

FILED DATE: 2/24/2025 2:49 PM 2024L010198

## **AFFIDAVIT OF DAMAGES SOUGHT**

I, Joseph A. Bosco, being first duly sworn on oath, depose and state that if I were called upon to testify, I would do so as follows:

1. That I am an attorney at law licensed to practice in the State of Illinois.

2. That I am an attorney with the law firm of LAROSE & BOSCO, LTD., attorneys of records for the Plaintiff MARY ANN OVERTON, as legal guardian of XAVIER PAYNE.

3. That based upon the information available to me at the present time, the total amount of money damages sought in this matter exceeds $50,000.

4. That this Affidavit is submitted in compliance with Supreme Court Rule 222(b).

FURTHER, Affiant sayeth not.

**/s/ Joseph A. Bosco_____**

Attorney for Plaintiff


Joseph Bosco (jbosco@laroseboscolaw.com)
Costa Diamond (cdiamond@laroseboscolaw.com)
LaRose & Bosco, Ltd (Firm No. 37346)
1011 Lake Street, Suite 100
Oak Park, Illinois 60301
(312) 642-4414