-**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Mary A. Overton Payne, as Legal Guardian for Xavier L. Payne, | |
| *Plaintiff,* | No. 25-cv-3036 |
| v. | Judge Lindsay C. Jenkins |
| Southwest Airlines Co., | |
| *Defendant.* | |

**MEMORANDUM OPINION AND ORDER**

Mary Overton Payne, on behalf of her disabled adult son, Xavier Payne, sued Southwest Airlines and a Southwest employee, Keith Dunn, in Illinois state court alleging Southwest negligently caused injury to Xaiver when luggage fell onto his head and shoulder. [Dkt. 1, ¶ 3; dkt. 1-1 at 7; dkt. 1-3, ¶ 13.][1] After Southwest and Dunn moved to dismiss, Payne secured counsel and amended her complaint, dropping Dunn from the lawsuit. [Dkt. 1, ¶¶ 5–7.] Southwest then filed a notice of removal. [Dkt. 1, ¶14.] Payne now seeks remand. [Dkt. 14.] For the following reasons, the motion is granted.

## I.     Background

On September 16, 2024, Payne filed suit in the Circuit Court of Cook County, Illinois against Southwest and Dunn. [Dkt. 1-1 at 1.] In her *pro se* complaint, she alleged that on September 15, 2022 she boarded a Southwest flight with her son, Xaiver, who uses a wheelchair. [*Id.* at 7.] He was seated in the aisle seat, and she took the middle seat next to him. [*Id.*] Later in the boarding process, a flight attendant asked another passenger to place their luggage in the overhead compartment. [*Id.*] The luggage fell, hitting and causing injury to Xavier's head, ear, and shoulder. [*Id.*] The blow caused great pain and resulted in him seeking medical treatment from neurologists, ear specialists, and physical therpists, and having a CAT scan and x-rays taken of his head and back. [*Id.*] Surgery was recommended for his pain. [*Id.*] Xaiver underwent pain management but suffers anxiety and panic attacks related to flying. [*Id.*] In her complaint, Payne requested a "$2,000,000.00 settlement for pain and suffering and permanent damage, surgery, physical therapy, hospital bills, doctor bills, nursing care, and any future care regarding this injury." [*Id.*]

---

[1]     Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

1

Payne served her complaint on Southwest and Dunn, and defense counsel filed an appearance on behalf of both defendants on October 20, 2024. [Dkt. 20-2.] On November 8, 2024, both Defendants filed a motion to dismiss. [Dkt. 1, ¶ 5.] After a few extensions, Payne secured counsel who voluntarily dismissed Dunn from the litigation. [Dkt. 1-2.] Dunn was not involved in Xaiver's injury; his role was related to risk management—interviewing Payne and Xavier after the incident and attempting to reach a resolution. [Dkt. 20 at 3–4.]

On February 24, 2025, Payne filed her amended complaint against Southwest only. [Dkt. 1-3.] The amended complaint, while providing less detail concerning Xavier's injuries, alleged that a Southwest "flight attendant assisted [a] passenger with placing [their] luggage in the overhead bin directly above Xavier Payne's seat" and caused that "luggage to fall … onto Xavier Payne's head and right shoulder." [*Id.*, ¶¶ 12–13.] The amended complaint demanded a judgment in excess of $50,000 in light of Xavier's "severe and permanent injuries of a personal and pecuniary nature." [*Id.*, ¶ 22.] Less than 30 days later, Southwest filed a notice of removal to this Court. [Dkt. 1.] Payne filed a timely motion for remand. [Dkt. 14.]

II.  Analysis

A defendant may remove an action filed in state court when the action could have been brought in federal court in the first place. 28 U.S.C. § 1441(a). A federal court has jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction also exists in diversity cases, that is, "civil actions where the matter in controversy exceeds … $75,000" and the parties are "citizens of different States." 28 U. S. C. § 1332(a).

In this personal injury case, removal is premised on diversity jurisdiction. "As the party seeking removal, [Southwest] bears the burden of establishing federal jurisdiction." *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352 (7th Cir. 2017). Specific rules establish the timeliness of removal. "If a case is removable based on the initial pleading, the notice of removal shall be filed within 30 days after the receipt by the defendant … of a copy of the initial pleading setting forth the claim for relief." *Rock Hemp Corp. v. Dunn*, 51 F.4th 693, 697 (7th Cir. 2022) (cleaned up). But, "if the case stated by the initial pleading is not removable," the 30-day clock starts when the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* at 697–98; *Grandinetti v. Uber Techs., Inc.*, 476 F. Supp. 3d 747, 750 (N.D. Ill. 2020) (citing 28 U.S.C. § 1446(b)(2)(B)). When there are multiple defendants, "all defendants who have been properly joined and served must join in or consent to removal." *Grandinetti*, 476 F. Supp. 3d at 750 (cleaned up).

The first question is whether the Payne's *pro se* complaint filed in September 2024 stated a cause of action that was removable—that is, presented the predicates for exercise of diversity jurisdiction (amount in controversy and diverse citizenship).

2

The parties do not dispute the diverse citizenship piece of the puzzle; their focus is on whether Payne's demand for a $2 million settlement was sufficient to put Defendants on notice that the statutory amount in controversy was met.

"The 30–day removal clock is triggered by the defendant's receipt of a pleading or other paper that affirmatively and unambiguously reveals that the case is or has become removable." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013). Southwest argues that the $2 million demand was insufficient where Payne's complaint failed to state a cognizable claim; the allegations in her original complaint, according to Southwest, failed to tie Xaiver's injury to any wrongdoing by Southwest as opposed to a fellow passenger. [Dkt. 19 at 5.] That was the basis for Southwest's motion to dismiss in state court as well. [Dkt. 1, ¶ 5.][2]

"[A] plaintiff's good-faith estimate of the stakes controls unless it is legally impossible for a court to award what the plaintiff demands." *McCormick v. Indep. Life & Annuity Co.*, 794 F.3d 817, 818 (7th Cir. 2015). Courts generally consider whether the evidence, or in this case allegations, make the demand estimate plausible. *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). Seeking to supplant this black-letter law, Southwest cites *Stewart v. Portfolio Recovery, LLC*, 2018 U.S. Dist. LEXIS 198221 (W.D. Wis. Nov. 21, 2018), an unpublished decision from the Western District of Wisconsin, to argue that a demand in excess of the jurisdictional minimum provides an insufficient basis for removal where the complaint "lacks a legal basis to conclude that a plaintiff could recover more than $75,000." [Dkt. 19 at 6.] Southwest misreads *Stewart* which is minimally instructive to begin with. In that case, the *pro se* plaintiff demanded more than $200 million but her factual allegations supported only slight injury in the form of wrongful withdrawals of $25 from her bank account "on several occasions." 2018 U.S. Dist. LEXIS 198221, at *2. The Court found the basis for removal lacking not because of a potentially meritorious defense on the part of the Portfolio Recovery but because Stewart's factual allegations did not support that the amount in controversy exceeded $75,000. *Id.*

When the Seventh Circuit discussed "legal impossibility" in *Mcormick* it was referring to legal prohibitions on recovery, for example "[c]ontractual or statutory caps on damages … [or] statutory prohibitions on recovering certain categories of damages." *Sykes v. Cook Inc.*, 72 F.4th 195, 207 (7th Cir. 2023). Southwest's reading impermissibility supplants "legal impossibility" with likelihood of success. But "[t]he relevant inquiry is not whether a recovery of more than $75,000 is likely." *Id.* In fact,

---

[2] Southwest separately argues that Payne's $2 million demand was not unambiguous because in several places in her *pro se* complaint the hand-written dollar figure isn't clear. [Dkt. 19 at 7, n.1.] The Court disagrees with that assessment. At the top of her complaint in the section titled "amount claimed" Payne wrote "$2,000,000.00" after crossing out a different figure. [Dkt. 1-1 at 6.] Then, in the type-written portion of her complaint, she wrote "I am requesting $2,000,000.00 settlement for pain and suffering." [*Id.* at 7.] Viewing the complaint as a whole, Payne unambiguously valued her claims at more than the statutory minimum for removal.

3

"[a] plaintiff's inability to prove an essential element of her claim does not implicate the court's jurisdiction unless the record shows that the plaintiff did not make her initial allegations about the amount in controversy in good faith." *Id.* That is an issue for a Rule 12(b)(6) motion but does not bear on removability. Applied to the facts of this case, Southwest's belief that there was no way Payne could receive more than $75,000 due to her failure to identify any negligent actions by Southwest did not modify its statutory obligation to timely remove the case.

Turning to the record—in this case, Payne's original *pro se* complaint—it described in detail the medical treatment Xaiver received as a result of the accident as well as his pain and suffering. Xaiver underwent CAT scans and x-rays, visited neurologists and ear specialists, sought assistance from pain management doctors, and, among other things, suffered anxiety attacks and headaches. [Dkt. 1-1 at 7.] These allegations, in tandem with Payne's request for a $2 million settlement, "affirmatively and unambiguously reveal[ed] that the case" was removable at the time Southwest was served in October 2024. *Walker*, 727 F.3d 819, 821 (7th Cir. 2013). For its part, Southwest offers no reason to believe that these allegations were not made in good faith.[3] A case like this where injuries resulting from the incident were severe enough for doctors to recommend surgery and to cause "permanent injuries and pain and suffering" supports the reasonable and common-sense conclusion that more than $75,000 is at issue. *See, e.g.*, *Freeland v. Wal-Mart Stores E., LP*, 2010 WL 1981642, at *3 (W.D. Wis. May 17, 2010).

Southwest offers one additional argument in favor of finding timely removal: unanimity. It argues that in diversity cases with multiple defendants, the 30-day clock does not begin running (despite receipt of a pleading establishing diverse citizenship and the requisite amount in controversy) where the defendants do not all consent to removal. [Dkt. 19 at 4.] Before Dunn was dismissed, Southwest argues he didn't agree to removal, so the case was not removable. [*Id.*] At the core, Southwest's argument is that in diversity cases with multiple defendants, the jurisdictional requirements for removal are not met (and therefore the clock does not begin to tick) until all defendants agree to removal.

That argument is not supported by the removal statutes or case law. Removability refers to the jurisdictional requirements—diverse citizenship and amount in controversy or a federal question. *See* § 1441(b)-(c); § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed …"). The statute imposing the so-called "rule of unanimity," 28 U.S.C. § 1446(b)(2)(A), imposes an *additional* barrier on removing cases with multiple defendants: agreement.

---

[3] Its only argument is the one only already disposed of concerning Payne's failure to allege that Xaivier's injuries were caused by Southwest's conduct. *Sykes*, 72 F.4th at 207.

4

The need for agreement is not a jurisdictional prerequisite to removal that extends the time period for removability in a case like this where both defendants were served at the same time. *Id.* § 1446(b)(2). The statute is clear. When multiple defendants have been joined in a single action and served, they all must "join in or consent to the removal of the action." § 1446(b)(2)(A). "The defendant seeking removal must secure consent to removal from all of the other properly served defendants within the thirty-day period." *Blake v. Celebrity Home Loans, LLC*, 2024 WL 35252, at *2 (N.D. Ill. Jan. 3, 2024), *reconsideration denied*, 2024 WL 1859405 (N.D. Ill. Apr. 29, 2024). "A defendant's failure to include other defendants' consent may only be cured within the 30-day time period." *Compassionate Pain Mgmt., LLC v. Frontier Payments, LLC*, 2017 WL 4423409, at *3 (N.D. Ill. Oct. 4, 2017) (citation and internal quotation marks omitted). In other words, 30 days is all defendants have. As *Walker* court explained, the defendants must "make a prompt decision about removal once [they receive] clear notice that the predicates for removal are present." 727 F.3d at 823.

If late-breaking unanimous agreement among defendants made a case removable it would defeat the purpose of the 30-day window: "to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court …; and to prevent the delay and waste of resources involved in starting a case over in a second court." *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982). Southwest offers no cases that disturb the clear statutory framework and courts' interpretation of that framework.

### III. Conclusion

For the reasons stated herein, the Court grants Payne's motion to remand pursuant to 28 U.S.C. § 1447(c) in light of Southwest's failure to timely file a notice of removal. Southwest's motion to dismiss [dkt. 16] is denied as moot.

Enter: 25 CV 3036
Date: June 5, 2025

_____
Lindsay C. Jenkins